THOMAS KINGSTON, JULIA M. MACK, WARREN GEIGER, JOHN W. DOAN, MARY F. LYNCH and JOHN C. MAGINNIS, Complainants below, Appellants,

*vs.*

HOME LIFE INSURANCE COMPANY OF AMERICA, and HOME PROTECTIVE COMPANY, Defendants below, Appellees.

*Supreme Court, on appeal, June* 18, 1918.

Where a contract between a private corporation and an insurance company whereby the corporation has a perpetual and exclusive option to purchase the stock of the insurance company operates prejudicially to the minority stockholders of the insurance company, they may bring a bill to have such a contract terminated.

APPEAL FROM COURT OF CHANCERY. This was a bill by shareholders of the Home Life Insurance Company to annul contracts entered into by and between said company and the Home Protective Company. The statement of the case by the Chancellor, *ante p.* 258, 101 *Atl.* 898, is ample, and a restatement here is unnecessary.

Argued before PENNEWILL, C. J., and BOYCE, CONRAD and RICE, J. J.

*Caleb S. Layton*, and with him *Thomas Raeburn White*, of Philadelphia, Pa., for the appellants.

*Charles F. Curley*, and with him *John P. Connelly*, of Philadelphia, Pa., for the appellees.

PER CURIAM. After a careful consideration of this case the court are of the opinion that the decree of the Chancellor should be affirmed, but think it proper to say that while the arrangement under which the Protective Company advanced money to the Insurance Company may not have been illegal or

unfair, and the stock option not invalid when entered into, yet if it now appears to work inequitably to the minority stock-holders it should be terminated. The evidence, within the findings of the Chancellor, seems to disclose a situation with respect to the stock option which, if continued, might operate prejudicially to the minority stockholders of the Insurance Company; for it appears that the present value of the stock of the Insurance Company is very considerably in excess of the par value. If this be so, it would be the duty of the court to consider in a proper case whether it is sufficient to render the stock option at this time inequitable, and whether the Protective Company, after so long a lapse of time in which to exercise its option, and before the stock had increased so much in value, has any claim in equity for the continuance of the option.

The question suggested, viz: the termination of the option contract, was not before the Chancellor, and, perhaps, could not have been considered by him under the bill filed. But if minority stockholders of the Insurance Company are satisfied that said contract does now operate prejudicially and inequit-ably to them, they may have the question determined by the court under a bill that fairly and clearly presents the question.

The decree of the Chancellor is affirmed.